*867 OPINION.
MaRquette :
The respondent has not asserted any deficiency in tax against the petitioners Lee M, Happ and Morris Michael for the year 1921, and in the case of Pinkus Happ he has determined an over-assesement for the year 1919 which does not arise from the disallowance of a claim for abatement. We therefore have no jurisdiction to hear and determine the appeals of Lee M. Happ and Morris Michael in so far as they relate to the year 1921, or the appeal of Pinkus Happ in so far as it relates to the year 1919.
The petitioners claim that the partnership of Happ Brothers Co. has not been allowed adequate depreciation on its machinery for the period July 1,1918, to December 31,1921; that the partnership allowance for depreciation should be computed at the rate of 15 per cent, and that the petitioners’ individual income for that period should be adjusted accordingly. We are unable to sustain the petitioners’ contention. The evidence as to this issue is vague, contradictory and conflicting. It does show, however, that the partnership in 1917 acquired at cost from the corporation, certain machinery which at *868 that time bad been in use from six to eight years. The machinery was set up on the partnership books at the same amount it was carried on the corporation’s books. We are, however, unable to determine from the evidence whether this amount represented the original cost or the depreciated cost of the machinery. The witness for the petitioner did not know how many machines were acquired from the corporation, how many, if any, were discarded during the years involved, or the number or cost of new machinery installed. The record shows that the corporation had claimed and been allowed depreciation on these machines computed at the rate of 10 per cent, and depreciation computed at the same rate was claimed and allowed the partnership during the years involved in this appeal, and also for the year 1922. When the partnership filed its return, depreciation computed at the rate of 10 per cent appears to have been considered adequate, and there is no evidence in the record which would justify us in now increasing that rate.
With reference to the county warrants involved herein we are unable to say from the evidence presented that they were ascertained to be worthless at the end of the fiscal year ended June 30, 1920. It does appear from the evidence that the counties which had issued these warrants were in bad shape financially and that the warrants were not collected at the end of the fiscal year mentioned. The record does not show that the counties had repudiated these warrants or did not intend to pay them, but, on the other hand, it does show that some of them, at least, have been paid. It was intimated by the petitioners’ counsel that the several counties had issued warrants in excess of the amounts they were authorized to issue and that there was a legal bar to their collection. However, there is no evidence in the record to show that this contention is correct. In view of the unsatisfactory state of the record in these proceedings we tan only affirm the determination of the respondent.

Judgment will be entered for the respondent.

Considered by Phillips, VaN Fossan, and Milliken.